O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STELLA LIVINGSTON O/B/O A.L.W.,  )<br>)<br>  Plaintiff,  )<br>)<br>  v.  )<br>)<br>MICHAEL J. ASTRUE,  )<br>Commissioner of the  )<br>Social Security  )<br>Administration,  )<br>)<br>  Defendant.  )<br>_____  ) | Case No. CV 09-6261-MLG<br><br>MEMORANDUM OPINION AND ORDER |

**I.   Procedural and Factual History**

Plaintiff A.L.W., represented by his guardian ad litem, Stella Livingston, seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") benefits. Plaintiff applied for SSI benefits on August 1, 2007, alleging disability since September 1, 2006, due to a psychiatric impairment. (AR 86-92.) For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

//

Plaintiff was born on January 28, 2000 and was eight years old at the time of the administrative hearing. (AR 13, 16.) A disability determination for individuals younger than eighteen years of age years of age requires three findings: (1) the claimant must not be performing substantial gainful work, 20 C.F.R. § 416.924(b); (2) the claimant's impairment, or combination of impairments, must be severe, 20 C.F.R. § 416.924(c); and (3) the claimant's impairment must meet, or be medically or functionally equal to, a listed impairment found in 20 C.F.R. Part 404, Subpart P, App. 1. When the claimant's impairment(s) does not meet or equal an impairment(s) in the Listing, or does not meet the durational requirement, the claimant is determined not to be disabled. 20 C.F.R. § 416.924(d).

On September 27, 2007, Plaintiff's application was denied at the initial stage of the administrative process. (AR 54-58). An administrative hearing was held on December 17, 2008, before Administrative Law Judge ("ALJ") Mary L. Everstine. (AR 38-52.) Plaintiff, represented by counsel, appeared but did not testify. Plaintiff's great-aunt and guardian, Stella Livingston, testified at the hearing. (Id.) On January 8, 2009, the ALJ issued an unfavorable decision. (AR 10-23). The ALJ found that Plaintiff had the following severe impairments: oppositional defiant disorder and reactive attachment disorder. (AR 16). However, the ALJ found that Plaintiff's impairments did not meet or were not equal to a listed impairment found in 20 C.F.R. Part 404, Subpart P, App. 1. (Id.) The ALJ also determined that Plaintiff did not have an impairment or combination of impairments that functionally equals the listings in 20 C.F.R. §§ 416.924(d), 416.926(a). The ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, at any time since August 1, 2007,

the date the application for SSI benefits was filed. (AR 22).

The Appeals Council denied Plaintiff's request for review on June 19, 2009.[1] (AR 1-4). Plaintiff timely commenced this action for judicial review. On June 9, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to properly evaluate the medical evidence concerning Plaintiff's mental impairment and (2) failing to make proper credibility findings regarding Ms. Livingston's testimony. (Joint Stp. 3.) Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. 19.) The Commissioner requests that the ALJ's decision be affirmed. (Id.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in failing to properly evaluate the medical evidence concerning Plaintiff's mental impairment to be meritorious and remands this matter for further proceedings consistent with this opinion.[2]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a

---

[1] Plaintiff's subsequent SSI application filed on January 30, 2009, based on the same mental impairments, was approved by the State Agency at the initial level, and Plaintiff has been receiving SSI benefits since February 2009. Accordingly, for purposes of this litigation, Plaintiff seeks a closed period of disability from August 2007 through January 2009. (Joint Stp. 2.)

[2] The Court will only address in detail the ALJ's failure to fully consider the medical evidence. The Court will not decide whether the credibility issue would independently warrant relief.

whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III.     The ALJ Erred in Failing to Properly Evaluate the Medical Evidence Concerning Plaintiff's Mental Impairment**

The Court agrees with Plaintiff that the ALJ failed to fully consider the medical record in evaluating Plaintiff's mental impairment. The ALJ failed to discuss medical evidence that was favorable to Plaintiff and misstated other favorable evidence in the record in making the non-disability finding. The ALJ also erred in rejecting the opinions of Plaintiff's treating physicians and the examining consultative physician in favor of the opinion of the non-examining reviewing physician without providing specific and legitimate reasons for doing so.

The ALJ first erred by failing to consider medical evidence favorable to Plaintiff, including medical reports regarding Plaintiff's

mental impairments which were prepared by the Los Angeles County Department of Mental Health ("LACDMH"). For example, during Plaintiff's initial psychiatric evaluation on January 29, 2007, it was noted that Plaintiff "loses his temper often, on a daily basis, tantrums last 1-2 hours, argues with anyone who catches him stealing, often defies rules of adults, often angry and resentful." (AR 168.) Plaintiff was diagnosed with oppositional defiant disorder and reactive attachment disorder. (Id.) Plaintiff was also assessed with a Global Assessment of Functioning ("GAF") score of 40, which signifies serious impairments in social, occupational or school functioning. (Id.) The ALJ also failed to discuss another psychiatric evaluation of Plaintiff, conducted by the LACDMH on November 6, 2007, in which it was noted that Plaintiff had angry outbursts, compulsive eating, and temper tantrums. (AR 279.) Plaintiff was diagnosed with an eating disorder as well as poor impulse control and again assessed a GAF score of 40. (Id.)

The ALJ also disregarded a LACDMH mental health assessment report dated October 16, 2008. (AR 305-313.) Plaintiff was referred to the LACDMH at the request of the school district because he was having various emotional and behavioral problems which were interfering with his schooling, including: (1) angry outbursts in which he screams, throws objects, and kicks and hits others; (2) failing to follow directions and running out of the classroom without permission; (3) an eating disorder which causes Plaintiff to eat until he vomits, steal food from others, forage food from dumpsters, and hoard food; (4) isolation from peers and family and failing to interact with others; and (5) excessive anxiety, which causes Plaintiff to pick at the skin on his lips and body until he bleeds and to cry inconsolably for hours at a time. (AR 305-306.) It was also noted that Plaintiff was taking the

psychotropic medications Risperdal and Diphenhydramine. (AR 307.) The LACDMH concluded that Plaintiff qualified for mental health services. (AR 311.)

In addition, the ALJ misstated other evidence in the record. For example, the ALJ misstated the extent of the special educational services that Plaintiff receives because of his emotional and behavioral problems. Plaintiff was found to be continually eligible for special education services "under the disability of emotional disturbance." (AR 204-241, 178-200, 280-292, 293-303.) The ALJ stated that Plaintiff "participates in general education classes, with assistance from a resource specialist one hour per week." (AR 19.) However, the ALJ failed to note that, in addition to the resource specialist, Plaintiff also receives a one-on-one aide for up to six hours per day, five days a week, throughout the school year. (AR 196-197.) This aide was requested by the school because Plaintiff was "running out of class, taking food from the cafeteria and from his peers, having tantrums that involved screaming for 30-40 minutes, throwing chairs and blocks at other students in his room, and talking back to teachers and administrators." (AR 196.)

The ALJ also downplayed the September 2007 report by Plaintiff's first grade teacher. The ALJ correctly stated that Plaintiff's teacher reported that Plaintiff had daily behavioral and emotional problems. (AR 19.) The ALJ failed, however, to mention that Plaintiff's teacher actually reported that Plaintiff had either "a serious problem" (a 4 on a scale of 1 to 5) or "a very serious problem" (a 5 on a scale of 1 to 5) on a daily or hourly basis in areas including: playing cooperatively with other children, making and keeping friends, expressing anger appropriately, seeking attention appropriately, respecting/obeying

adults in authority, handling frustration appropriately, being patient, and caring for physical needs. (AR 172-176.) In addition, Plaintiff's teacher assessed him with "an obvious problem" (a 3 on a scale of 1 to 5) in seven other areas, including: following rules, using appropriate language, paying attention when spoken to directly, expressing ideas in written form, and understanding and participating in class discussions. (AR 171-173.)

The ALJ adopted the opinion of the non-examining reviewing physician and rejecting the contrary views of the treating and examining physicians without sufficiently articulating any reason for doing so. As discussed above, the ALJ completely disregarded multiple medical reports from the LACDMH. A treating physician's opinion must be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007); 20 C.F.R. § 404.1527(d)(2). Further, the ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinion of another doctor, without first providing specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record"). Here, the ALJ rejected the opinions of the treating physicians without providing any reason at all, let alone specific and legitimate reasons supported by substantial evidence in the record.

The ALJ also rejected the opinion of the examining consultative

physician without articulating any specific and legitimate reason for doing so. Although the ALJ referenced the report of the examining psychiatrist, Dr. Edward Ritvo, the ALJ only commented on the portions of Dr. Ritvo's report that were unfavorable to Plaintiff, such as that "Dr. Ritvo reported that the claimant was not hyperactive and that development was age appropriate." (AR 17.) However, the ALJ failed to mention Dr. Ritvo's ultimate conclusion: "At the present time [Plaintiff] is in need of educational support as directed by the IEP and psychiatric treatment as is being arranged for him at a local county mental health clinic. He is clearly in need of these support services *and Social Security benefits as appropriate*." (AR 243.) (Emphasis added.)

Instead of crediting the consistent opinions of the treating and examining physicians, the ALJ relied almost entirely upon the opinion of the non-examining reviewing physician, Dr. C.H. Dudley, in finding that Plaintiff was not disabled. (AR 17-19.) However, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either a treating or an examining physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). The opinion of the non-examining doctor "with nothing more" does not constitute substantial evidence. *Id.* (citing *Gallant*, 753 F.2d at 1456. In this case, there was "nothing more" in the record aside from the opinion of the non-examining physician. As discussed in detail above, the ALJ erred by omitting favorable medical evidence as well as mischaracterizing other evidence in concluding that Plaintiff was not entitled to benefits. Accordingly, the ALJ's finding was not supported by substantial evidence.

\\

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, remand for further proceedings is proper because there are "outstanding issues that must be resolved before a determination of disability can be made." *Id.* There has been no correlation or opinion by an examining physician or a medical expert whether Plaintiff's symptoms and behavior demonstrates the existence of an impairment that meets or is medically or functionally equal to, a listed impairment found in 20 C.F.R. Part 404, Subpart P, App. 1, during the relevant time period.[3] //

//

//

//

---

[3] It is apparent that his condition met the listings as of February 2009, less than two months after the administrative hearing in this case. It would be of interest to determine what changed in that six-week period of time.

Accordingly, the case is remanded for further proceedings consistent with this opinion.

DATED: June 17, 2010

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge
